[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-11279

Non-Argument Calendar

————————————————

CYNTHIA BEYER,

Plaintiff-Appellant,

*versus*

MIAMI-DADE COUNTY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cv-24285-PAS

————————————————

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Cynthia Beyer, proceeding with counsel, appeals a judgment entered in favor of her former employer—Miami-Dade County—in an action for employment discrimination based on sex, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1) and (7). On appeal, Beyer argues that the district court abused its discretion by granting Miami-Dade's motion in limine under Federal Rule of Evidence 403 to exclude two types of documents at trial: letters of determination from the Equal Employment Opportunity Commission (EEOC), and decisions from a proceeding before a county hearing examiner and two arbitrators.

I.

Miami-Dade County employed Beyer as a firefighter from 2004 until 2008. Between June 2006 and May 2007, Beyer received nine disciplinary action reports (DARs), which covered a wide range of alleged actions: being disrespectful to a patient, failing to timely respond to an emergency call, disruptively arguing about who drove a firetruck, refusing to leave her supervisor's office; not paying for food from the commissary, and verbally abusing her coworkers and supervisors.

On December 7, 2007, Airport Fire Rescue Chief Levi Thomas sent Fire Chief Herminio Lorenzo a letter summarizing

the DARs against Beyer and recommending her termination under Miami-Dade's progressive discipline policy. Beyer was terminated, effective January 28, 2008.

Beyer challenged six of her nine DARs through internal hearings and arbitration proceedings. Three of those challenges are relevant to this appeal: (1) an arbitration opinion and award dated September 21, 2008, rescinding her 24-hour suspension for DAR #4; (2) an arbitration opinion and award dated July 6, 2009, revoking her 48-hour suspension for DAR #5; and (3) a document related to a hearing held on June 18, 2008, which resulted in recommending dismissal of DAR #8.

On April 4, 2007, between her eighth and ninth DARs, Beyer filed her first Charge of Discrimination with the EEOC alleging sex discrimination and retaliation. On July 12, 2010, Beyer received a letter of determination from the EEOC regarding this 2007 filing, which found "reason to believe that [Title VII] violations have occurred." After her termination in 2008, Beyer filed a second Charge of Discrimination with the EEOC alleging sex discrimination and retaliation. On August 20, 2010, Beyer received a letter of determination from the EEOC regarding the 2008 filing, which also found "reason to believe that [Title VII] violations have occurred."

On November 29, 2011, Beyer filed a federal lawsuit against Miami-Dade County alleging sex discrimination and retaliation. On October 1, 2012, Miami-Dade County moved for summary judgment, which the district court granted in part and denied in part on February 12, 2019. Miami-Dade received summary

judgment on the retaliatory termination claim and a claim about time-barred evaluation. The remaining claims were set for trial. Miami-Dade filed a pre-trial motion in limine, seeking in relevant part to exclude Beyer's two EEOC determination letters and three arbitration documents. The district court excluded all five documents on the grounds that they were unduly prejudicial and would mislead the jury or infringe on the jury's role as factfinder.

Between February 18, 2020, and March 2, 2020, the district court conducted a jury trial. Twenty-seven witnesses appeared at trial, and Beyer testified on two days. The jury found for Miami-Dade County. The district court entered judgment in favor of the county. Beyer timely appealed on April 1, 2020. On appeal, Beyer only challenges the exclusion of the two EEOC determination letters and three arbitration documents under Rule 403.

## II.

"We review a district court's evidentiary rulings for abuse of discretion." *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007). We will only reverse an evidentiary ruling when a party "establish[es] that (1) its claim was adequately preserved; (2) the district court abused its discretion in interpreting or applying an evidentiary rule; and (3) this error affected a substantial right." *Id.* at 1349 (quotations omitted). An abuse of discretion occurs when "the district court has made a clear error of judgment or has applied an incorrect legal standard." *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004) (quotations omitted).

A Title VII plaintiff bears "the ultimate burden of persuasion" to show the defendant discriminated against her. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Claims brought under the FCRA are analyzed under the same legal framework as claims brought under Title VII. *See Holland v. Gee*, 677 F.3d 1047, 1054 n.1 (11th Cir. 2012).

Under Federal Rule of Evidence 403, the district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The district court has broad discretion to assess the probative value of proffered evidence against other factors counseling against admissibility under Rule 403. *See Crawford v. ITW Food Equip. Grp.*, LLC, 977 F.3d 1331, 1352 (11th Cir. 2020).

District courts must exercise "sound discretion" to weigh Rule 403 and other factors to "decid[e] whether and what parts of EEOC determinations and reports should be admitted." *Barfield v. Orange Cnty.*, 911 F.2d 644, 650 (11th Cir. 1990). While EEOC determination letters are generally admissible in bench trials, we do not "apply the same liberal admissibility rule to determination letters in jury trials." *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). Admitting an EEOC letter of determination "may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of

administrative determinations and better able to assign the report appropriate weight and no more." *Barfield*, 911 F.2d at 651. In such circumstances, a district court may properly preclude an EEOC determination from evidence in a jury trial under Rule 403. *Walker*, 53 F.3d at 1554–55.

## III.

Here, the district court did not abuse its discretion by precluding the admission of the EEOC letters of determinations or the three arbitration documents under Rule 403. The district court did not commit a clear error of judgment or apply an incorrect legal standard. *See Conroy*, 375 F.3d at 1232.

First, the district court did not abuse its discretion by deciding to exclude the two EEOC letters of determination. We have recognized the risk that EEOC letters could prejudice jurors, which led to our less liberal rule for admitting EEOC letters in jury trials. *See Walker*, 53 F.3d at 1554. Juror confusion contributes to the prejudice presented by EEOC letters, and the district court's order noted fear that the letters would "preclude the jury's fresh consideration of the evidence." Because most of the letters' underlying facts were coming into trial through other channels, the district court found "the probative value [] cumulative and insubstantial when balanced against the potential harm of misleading the jury." Ultimately, there was no abuse of discretion in finding that the probative value of the letters of determination was substantially outweighed by a danger of unfair prejudice and misleading the jury.

Similarly, the district court did not abuse its discretion by excluding documents from a county hearing examiner and two arbitrators under Rule 403. Plaintiffs bear the burden in Title VII and FCRA actions. *See Alvarez*, 619 F.3d at 1264; *Holland*, 677 F.3d at 1054 n.1. The arbitration and hearing documents at issue did not discuss the standard of proof used in those internal proceedings. In its order, the district court noted both "the different standards of proof applicable in those proceedings" versus in federal court, and the "substantial risk that the jury will uncritically defer to the conclusions rendered in the prior proceedings." Beyer's agreement "that the text of the arbitration decision should not be admitted into evidence" bolstered the district court's decision. When balancing under Rule 403, we find that the district court did not abuse its discretion by excluding the arbitration and county hearing documents at issue for having little probative value and a high risk of prejudice.[1]

**AFFIRMED.**

---

[1] Even if the district court had abused its discretion by excluding the five documents at issue on appeal, Beyer has not established that their omission impacted a substantial right. *See Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 (11th Cir. 2007). Beyer only alleges that if the documents had been entered, certain "star witnesses for the defense" would not "have dared appear as righteous, sanctimonious witnesses against Beyer during her trial."